Ms. Mary B. Childs Clerk of Courts Columbia County Post Office Box 1965 Lake City, Florida 32055
Dear Ms. Childs:
This is in response to your request for an opinion on substantially the following questions:
 1. IS THE MILLAGE LEVIED BY THE LAKE SHORE HOSPITAL AUTHORITY, AN INDEPENDENT TAXING DISTRICT ESTABLISHED BY CHAPTER 63-1247, LAWS OF FLORIDA, AND ALLOWED TO LEVY MILLAGE BY CHAPTER 65-1414, LAWS OF FLORIDA, INCLUDIBLE IN THE OTHER COUNTY MILLAGE FOR THE PURPOSE OF COMPUTING THE BOARD OF COUNTY COMMISSIONERS' COMPLIANCE WITH SECTION 200.071(1), FLORIDA STATUTES?
 2. ASSUMING QUESTION 1 IS ANSWERED IN THE AFFIRMATIVE, WHAT LEGAL GUIDELINES OR RESTRICTIONS, IF ANY, DOES THE BOARD OF COUNTY COMMISSIONERS HAVE IN APPORTIONING THE MILLAGE FOR THE LAKE SHORE HOSPITAL AUTHORITY, AS WELL AS OTHER COUNTY MILLAGES UNDER SECTION 200.071(2), FLORIDA STATUTES, IN INSTANCES WHERE THE TOTAL COUNTY MILLAGE REQUESTS EXCEED TEN (10) MILLS?
 3. REGARDLESS OF THE ANSWERS TO QUESTIONS 1 and 2, UNDER CHAPTER 65-1414, LAWS OF FLORIDA, AND ANY OTHER SECTION OF LAW, DOES THE BOARD OF COUNTY COMMISSIONERS HAVE THE RIGHT TO EVALUATE FOR REASONABLENESS AND NECESSITY, AND ADJUST IF DEEMED ADVISABLE, THE MILLAGE REQUEST OF THE LAKE SHORE HOSPITAL AUTHORITY IN INSTANCES WHERE THE REQUESTED HOSPITAL LEVY WOULD NOT CREATE A TOTAL MILLAGE LEVY IN EXCESS OF THAT ALLOWED IN SECTION 200.071, FLORIDA STATUTES? OR RATHER, MUST THE BOARD OF COUNTY COMMISSIONERS LEVY SUCH MILLAGE AS REQUESTED BY THE LAKE SHORE HOSPITAL AUTHORITY SO LONG AS IT, TOGETHER WITH THE OTHER COUNTY MILLAGE, DOES NOT VIOLATE SECTION 200.071, FLORIDA STATUTES?
QUESTION ONE
Pursuant to Ch. 63-1247, Laws of Florida, the Lake Shore Hospital Authority of Columbia County (hereinafter the authority) was created. Chapter 65-1414, Laws of Florida, granted the authority the power to request, by resolution, the county commission to levy a tax upon all the taxable property in the county not to exceed three mills; and requires the county commission to levy such tax for the purpose of maintenance and operation of the hospital and care of the indigent at the hospital. Sections 1, 2, Ch. 65-1414, Laws of Florida.
Section 200.071(1), F.S., provides that `no aggregate ad valorem tax millage shall be levied against real and tangible personal property by counties and districts as herein defined in excess of 10 mills on the dollar of assessed value . . . .' Section 200.111, F.S., defines `district' to include boards and authorities having authority to levy taxes or require the levy of taxes. In construing s 200.071(1) F.S., vis-a-vis special districts, AGO 071-331 stated the following:
 Section 200.071(1) clearly sets a millage limitation on counties and districts therein as a single unit . . . . The statutes do not set a millage limitation on districts separately. Instead, s 200.071(1) treats county and districts therein as one entity for the purposes of tax limitation.
In AGO 072-340, a similar interpretation was given to s200.071(1), F.S. It appears, then, that the millage of the authority is includible in the county millage for purposes of s200.071(1), F.S.
QUESTION TWO
There appear to be no written rules or regulations of the Department of Revenue which would give the board guidelines. However, the language of s 200.071(2), F.S. provides:
 The board of county commissioners in counties not having a budget commission or board shall have authority, in event the aggregate of the proposed millage for the said county and districts therein aggregate more than the maximum allowed hereunder, to apportion the millage to be levied for county officers, departments, divisions, districts, commissions, authorities and independent taxing agencies so as not to exceed the maximum millage provided herein under this section or s. 200.091. The budget commission or budget board in counties presently having such a commission or board shall make the apportionment as above provided, in event the apportionment is necessary.
The last proviso in s 200.071(1), F.S., provides that nothing in ss 200.071, 200.091 (and other enumerated sections) shall prevent any board of county commissioners or district school board to each levy at least 5 mills. In addition to the specific requirements enumerated above, AGO 070-138 states the following:
 To apportion means to divide or allot and, in the absence of a prescribed rule by which the division shall be made, it implies a reasonable discretion to assign in just proportions which are not necessarily equal or prorated by fixed rule. . . . Instead, the delegation of authority to apportion the millage appears . . . to contemplate the distribution of the maximum millage in a manner permitting more flexibility in evaluation of the diverse problems involved, subject to standards of reasonable, and not arbitrary, discretion. The authority of the board under the statute is, of course, limited to an authority to apportion millage.
QUESTION THREE
In answering the third and final question, it is necessary to review the special act which granted the authority the power to levy taxes. Section 2 of Ch. 65-1414, Laws of Florida, provides in pertinent part:
 Upon request by resolution of the Lake Shore hospital authority, the board of county commissioners of Columbia county shall levy a tax upon all the taxable property in the county . . . .
No authority is delegated to the board of county commissioners to determine the reasonableness and necessity for the requested millage (not to exceed 3 mills) and make adjustments thereof if deemed advisable by the county commission (so long as the aggregate tax millage limitations of s 200.071(1), F.S. are not exceeded). The plain language of this act would suggest that the board of county commissioners is bound by the millage rate which the authority declares. In ascertaining the legislative intent implicit in a statute, courts are bound by the plain and definite language of the statute. Tropical Coach Line v. Carter,121 So.2d 779 (Fla. 1960). Therefore, the board of county commissioners must levy such millage, not to exceed 3 mills, as is requested by the hospital authority so long as such millage, together with the county millage, does not exceed the aggregate tax millage limitation prescribed by s 200.071(1), F.S.
In summary, I am therefore of the opinion that:
 1) The annual ad valorem tax millage requested by the Lake Shore Hospital Authority is includible in Columbia County's tax millage for purposes of s 200.071(1), F.S.
 2) When the aggregate of the proposed millage for the county and districts (including boards and authorities therein) exceeds ten mills, the board of county commissioners has the authority to apportion the millage as set out in s 200.071(2), F.S., using reasonable discretion in assigning the prescribed maximum millage in just proportions. However, the board of county commissioners may levy for county purposes at least 5 mills.
 3) The board of county commissioners must levy such millage, not to exceed 3 mills, as is requested by resolution of the hospital authority so long as the requested millage, together with the county millage, does not exceed the aggregate tax millage limitation prescribed by s 200.071(1), F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Barbara Staros Harmon, Assistant Attorney General